UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| TAPESTRY, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br>                Defendant. | Case No.: 1:21-cv-01941-GLR |

**PLAINTIFF TAPESTRY, INC.'S MOTION TO CERTIFY A QUESTION OF
LAW TO THE MARYLAND COURT OF APPEALS**

Plaintiff Tapestry, Inc. ("Tapestry"), by its attorneys, moves under Md. Code Ann., Cts. & Jud. Proc. § 12-603 for the following question of law to be certified to the Maryland Court of Appeals:

When a first-party, all-risk property insurance policy covers "all risks of physical loss or damage" to insured property from any cause unless excluded, is coverage triggered when a toxic, noxious, or hazardous substance—such as Coronavirus or COVID-19—that is physically present in the indoor air of that property damages the property or causes loss, either in whole or in part, of the functional use of the property?

The grounds for this motion, which are more fully discussed in the accompanying memorandum, are as follows:

1.      Plaintiff has sued to obtain a declaratory judgment to determine the scope of the parties' rights and obligations under the Policies issued by Defendant and declaring that the Policies' multiple coverages insure against the losses Plaintiff suffered from SARS-CoV-2 and

1

COVID-19 and from the governmental orders issued in response. Plaintiff also sued for breach of contract for Defendant's failure to pay Plaintiff's covered losses.

2. The issues in dispute before the Court involve solely questions of Maryland law that have not been addressed by the Maryland Court of Appeals.

3. To date, neither the Maryland Court of Appeals nor the Maryland Court of Special Appeals has considered or addressed the question of whether coverage under a top-end commercial property insurance policy (such as the FM Global Advantage policy form at issue here, the broadest all risk commercial property policy form on the market) for "all risks of physical loss or damage" to the insured property is triggered when a toxic, noxious, or hazardous substance, such as Coronavirus or COVID-19, that is physically present in the indoor air of that property, damages the property or causes loss, either in whole or in part, of the functional use of the property.

4. Available Maryland law is presently both insufficient and unsettled as to the how this legal issue presented should be decided.

5. The question that Tapestry seeks certification to the Maryland Court of Appeals is a unique and novel issue of state law calling for the exercise of judgment by the state courts and a consideration of substantial moral, social, and economic factors that require a careful weighing of public policy and the public interest and their consequent effect on Maryland businesses. A Federal court sitting in diversity, compelled by *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) to apply undecided state law to the issues before it, should not speculate in the first instance about how a state's highest court would rule when a mechanism such as certification is available.

6. The issue presented for certification is the subject of litigation in several thousand cases nationwide, in both federal and state courts, with courts rendering contradictory decisions.

Although no state's highest appellate court has ruled on the issues presented for certification in this case in the context of SARS-CoV-2 and COVID-19, the following state supreme courts are now deciding COVID-19 insurance coverage issues either on direct review or in response to certified questions:

    a. Delaware (*APX Operating Company, LLC v. HDI Global Insurance Co.*, Case No. 393,2021);

    b. District of Columbia (*Rose's 1, LLC, et al. v. Erie Insurance Exchange*, Case No. 20-cv-0535);

    c. Iowa (*Jesse's Embers LLC v. Western Agricultural Insurance Company*, Case No. 21-0623 and *Wakonda Club v Selective Insurance of America*, Case No. 21-0374);

    d. Massachusetts (*Verveine Corp. v. Strathmore Ins. Co.*, No. SJC-13172 (Mass. Sept. 16, 2021)

    e. Oklahoma (*Choctaw Nation of Oklahoma v. Lexington Insurance Company*, Case. No. SD-119413; *Cherokee Nation v. Lexington Insurance Company*, Case No. SD-119359; and *Muscogee Creek Nation v. Lexington Insurance Company*, Case. No. SD-119701);

    f. Ohio (*Neuro-Communication Services, Inc. v. Cincinnati Insurance Company et al.*, Case No. 2021-0130);

    g. South Carolina (*Sullivan Management, LLC v. Fireman's Fund Insurance Company and Allianz Global Risks US Insurance Company*, Appellate Case No. 2021-001209);

    h. Vermont (*Huntington Ingalls Industries Inc v. Ace American Insurance Company*, Case No. 2021-173);

    i. Washington (*Hill and Stout PLLC v. Mutual of Enumclaw Insurance Co.*, Case No. 1002114); and

    j. Wisconsin (*Colectivo Coffee Roasters v. Society Insurance*, Case No. 2021AP000463)

    7.    A decision by this Court on the legal question presented for certification will not provide certainty in similar Maryland federal and state cases involving insurance coverage disputes arising from the impact of SARS-CoV-2 and COVID-19.

8.	The most efficient and economical way for this case to be resolved is for the Court to certify the question of law to the Maryland Court of Appeals and only to then apply the decision of the Maryland Court of Appeals to the facts presented.

9.	On January 31, 2022, Tapestry sought consent from FM's counsel for the relief sought in this Motion. However, FM refused to consent to the relief requested, requiring the filing of this Motion.

Dated: February 2, 2022                                    Respectfully submitted,

|  |  |
|---|---|
|  | /s/ *Deborah B. Baum* |
| Joseph D. Jean (admitted pro hac vice) | Deborah B. Baum (Bar No. 05694) |
| Janine M. Stanisz (admitted pro hac vice) | Laura A. Freid-Studlo (Bar No. 16726) |
| Maria T. Galeno (admitted pro hac vice) | Pillsbury Winthrop Shaw Pittman LLP |
| Scott D. Greenspan (admitted pro hac vice) | 1200 Seventeenth Street, NW |
| Pillsbury Winthrop Shaw Pittman LLP | Washington, DC 20036 |
| 31 West 52nd Street | Phone: (202) 663-8000 |
| New York, NY 10019-6131 | Fax: (202) 663-8007 |
| Phone: (212) 858-1000 | deborah.baum@pillsburylaw.com |
| Fax: (212) 858-1500 | laura.freidstudlo@pillsburylaw.com |
| joseph.jean@pillsburylaw.com |  |
| janine.stanisz@pillsburylaw.com | *Attorneys for Plaintiff Tapestry, Inc.* |
| maria.galeno@pillsburylaw.com |  |
| scott.greenspan@pillsburylaw.com |  |

## CERTIFICATE OF SERVICE

I CERTIFY that on this 2nd day of February, 2022, a copy of Plaintiff's Motion to Certify a Question of Law to the Maryland Court of Appeals, the Memorandum in support thereof, and the Proposed Order were to chambers consistent with Local Rule 105(1)(a), and served via CM/ECF on:

Bryant S. Green, Esq.
Craig D. Roswell, Esq.
Niles, Barton & Wilmer LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
bsgreen@nilesbarton.com
cdroswell@nilesbarton.com
*Counsel for Defendant,*
*Factory Mutual Insurance Company*

/s/ *Deborah B. Baum*
Deborah B. Baum